IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES ANTELL,<br>        **Plaintiff,**<br><br>v.<br><br>**FIRST NIAGARA BANK**, *et al.*,<br>        **Defendant.** | CIVIL ACTION<br><br>NO. 13-1482 |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                                  **September 16, 2013**

Plaintiff Charles Antell, proceeding *pro se*, filed suit against several banks and other lending institutions seeking compensatory, punitive, declaratory, and injunctive relief apparently related to a mortgage securitization. He alleges a violation of 18 U.S.C. § 1962, invoking the private right of action conferred by § 1964 for civil violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO").

Plaintiff seeks an injunction prohibiting Defendants "from acting alone or in concert to take any action to enforce a Promissory Note executed by Plaintiff [on] July 12, 2005."[1] He also seeks damages in the amount of the money he has paid to Defendants as well as punitive damages. Plaintiff, however, fails to explain why he is entitled to the relief he seeks.

### I. Applicable Law

In order to survive a motion to dismiss, a complaint must state facts sufficient to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"[2] The plaintiff must state "more than labels and conclusions, and a formulaic recitation of the elements

---

[1] Complaint (Doc. No. 1) at 2, ¶ 4.
[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

1

of a cause of action will not do."[3] While a plaintiff need not set out detailed factual allegations, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[4]

## II. Discussion

The crucial problems with Plaintiff's Complaint are that it does not allege facts that support the conclusion that any particular Defendant has committed or needs to be enjoined from committing any wrong against Plaintiff, and fails to put Defendants on notice as to what claims they must defend against. Rather, the Complaint consists of tangents,[5] legal conclusions,[6] and various allegations that are too vaguely pleaded to allow Defendants to know what actions Plaintiff accuses them of taking and how those actions harmed Plaintiff.

The Complaint is long (57 pages of small single-spaced type) and unclear. It includes much that is irrelevant, including defenses to a foreclosure action,[7] conspiracy theories about banks,[8] and citations to various legal authorities.[9] A brief summary of the Complaint follows below, reading the materials adduced favorably to the Plaintiff as the non-moving party and mindful of the liberality with which a court must construe *pro se* litigants' filings.

The beginning of the Complaint seems to allege that Plaintiff executed two promissory notes (presumably with one or more of the Defendants) on June 28, 2001, and July 12, 2005.[10]

---

[3] *Id.*
[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).
[5] The Court does not know what to make of much of the material recited in the complaint, including the digression on how "Jesus cleared the Temple of" unjust weights and measures, and "[o]ur Christian Founding Fathers did the same." Compl. (Doc. No. 1) at 23.
[6] For example, Plaintiff states, "Defendant has been paid in full for the 'contract' in question." *Id.* at 5, paragraph 13. However, Plaintiff fails to allege what the contract is and why its payment in full is relevant to this action. If Defendant had sued Plaintiff for breach of contract, the payment in full of some contract price could be a defense to the suit, but there needs to be some context for Plaintiff's words in order for them to have meaning.
[7] Compl. (Doc. No. 1) at 16–17.
[8] *Id.* at 23–29, 40–47.
[9] *Id.* at 29–31, 48–54.
[10] *Id.* at 2, paragraph 4.

2

Defendants no longer hold assets related to the notes.[11] Plaintiff sent one or more Defendants three statements to which no Defendant responded.[12] One or more Defendants destroyed one or both of Plaintiff's original promissory note(s) and securitized the note(s).[13]

After setting forth these facts, the Complaint appears to present copies of certain documents whose relevance is not explained and that appear to be related to a mortgage agreement.[14] Plaintiff also alleges that one or more Defendants unlawfully converted certain real property. In support to this allegation, Plaintiff states that on July 12, 2006, Plaintiff entered into a loan agreement with Harleysville National Bank.[15] The bank apparently extended credit to Plaintiff rather than giving him cash.[16] At some point, Plaintiff requested of the bank a "forensic certified audit," and the bank did not respond.[17]

Next, Plaintiff alleges that one or more defendants unilaterally amended a note to which Plaintiff was a party and restricted Plaintiff's rights under the note.[18] Although Plaintiff comes somewhat closer to alleging cognizable injury here, he fails to allege sufficient details to state a plausible claim of a civil RICO violation or put Defendants on notice of the claims to which they must respond.[19] Nowhere does he allege which Defendant did what to which promissory note.

---

[11] *Id.* at 2, paragraph 8.
[12] *Id. at* 4, paragraph 23.
[13] *Id. at* 5, paragraph 10.
[14] *Id. at* 8–9.
[15] *Id. at* 13, paragraph 1.
[16] This is how the Court construes Plaintiff's opaque statement "Harleysville National Bank first breached the contract by not loaning its money and instead loaning its credit." *Id.* at 13, paragraph 2. See also "Count I," *Id.* at p. 14 ("Defendant breached the contract by not loaning money.")
[17] *Id. at* 13, paragraphs 4–5.
[18] *Id. at* 14–15.
[19] RICO claims are complex. A plaintiff must allege either "a pattern of racketeering activity or . . . collection of an unlawful debt," 18 U.S.C. § 1962(a) followed by investment of proceeds from such illegal activity in an "enterprise" affecting commerce or using proceeds from the illegal activity to acquire control over an enterprise affecting commerce. *Id.* §§ 1962(a), (b). Nearly every word in the quoted language is defined in § 1961 as having a special meaning for RICO purposes. Plaintiff does not explain, and the court cannot *sua sponte* determine, how Defendants' alleged activity fit within the special contours of a RICO claim.

Plaintiff then alleges that one Defendant (presumably Harleysville National Bank) sold and securitized his mortgage immediately after closing. He then accuses Defendants of various torts, including barratry and champerty, for initiating foreclosure actions.[20] In apparent contrast to an earlier statement in his complaint,[21] he asserts that his property is in Arizona. Plaintiff then asserts various defenses to foreclosure.[22]

Plaintiff requests a Temporary Restraining Order,[23] which is denied because all the allegations related to it are conclusory.

The Court is mindful that *pro se* pleadings must be broadly construed, but this complaint is simply too unclear for a reader to understand what it alleges.

**Conclusion**

For the reasons set forth above, the complaint is dismissed without prejudice. Plaintiff is granted leave to amend his complaint in this Court within 21 days of the entry of the Order accompanying this Memorandum Opinion, or he may to seek relief in the appropriate state court.[24] An appropriate order follows.[25]

---

[20] *Id.* at 19.
[21] *Id.* at 12 (listing address of real property in Pennsylvania).
[22] *Id.* at 20.
[23] *Id.* at 21,
[24] Plaintiff makes references to certain causes of action that appear to be based on state law, including breach of contract, champerty, and barratry. Some sections of the Complaint also assert defenses to a foreclosure action, which should of course be raised in court before which the foreclosure action, if any, is pending.
[25] Plaintiff also moves to compel discovery. Because the Complaint is dismissed, Plaintiff is not entitled to discovery. *See, e.g., Mann v. Brenner*, 375 F. App'x 232, 239–40 (3d Cir. 2010) and authority cited therein.